IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Valerie Donnelly, | ) | Case No. 8:19-cv-03291-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Peter Misiti, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se and in forma pauperis, files this civil action claiming that she is entitled to a portion of the proceeds from the sale of her late mother Olga Mescia's property in Staten Island, New York (the "Property"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On December 6, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process. ECF No. 11. Plaintiff filed objections to the Report. ECF No. 15.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff alleges that she is a beneficiary heir to her late mother's estate and that her mother's will was probated in the Probate Court of Volusia County, Florida, at case number 2010-11899-PRDL. ECF No. 1. She brings this action alleging that, under her mother's will, she is entitled to a greater share of the proceeds from the sale of the Property. *Id.* The Magistrate Judge provides a more thorough recitation of the facts and procedural history of this case, including the other actions filed by Plaintiff pertaining to her mother's estate, which the Court incorporates by reference.

The Magistrate Judge recommends summary dismissal of the present action because Plaintiff's claims are duplicative of other actions she previously filed and because the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine and the probate exception to diversity jurisdiction. Plaintiff generally

objects and argues that this Court has jurisdiction over her claims and that the probate exception does not apply.[1]

As explained by the Magistrate Judge, Plaintiff has filed prior lawsuits in this Court and in other courts regarding her claim that she is entitled to a greater share of the proceeds from the sale of the Property. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *Cottle v. Bell*, 229 F.3d 1142, at *1 (4th Cir. 2000) (unpublished table decision) (internal citations omitted). Although Plaintiff has named different defendants in each of her three actions, the issues and claims are identical in all of the actions and the same jurisdictional defects noted herein are present in each federal court action. Accordingly, this action is dismissed as duplicative because Plaintiff has filed prior actions seeking to litigate the same claim that she asserts in the present action.

Moreover, this Court lacks jurisdiction over Plaintiff's claims pursuant to the probate exception. "The 'probate exception' to this Court's subject matter jurisdiction prohibits the exercise of federal jurisdiction over matters that are within the exclusive jurisdiction of a state probate court, even if all of the prerequisites for diversity jurisdiction are otherwise present." *Myers v. Kaufmann*, No. 2:10-cv-2081-RMG-RSC, 2010 WL

---

[1] Plaintiff also states that Judge Austin is biased against her because Judge Austin recommended dismissal of one of Plaintiff's other lawsuits. This objection is overruled.

4338097, at *4 (D.S.C. Sept. 16, 2010), *Report adopted by* 2010 WL 4340381 (D.S.C. Oct. 25, 2010), *aff'd*, 420 F. App'x 302 (4th Cir. 2011); *see also Beattie v. J.M. Tull Foundation*, 941 F. Supp. 57, 58–59 (D.S.C. 1996) (explaining the probate exception divests federal court jurisdiction over "cases involving the probate of wills, disturbing the possession of an estate in the hands of a state probate court, or involving the conclusiveness of judgements of state courts in probate matters"). In *Marshall v. Marshall*, 547 U.S. 293 (2006), the Supreme Court held that

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311–12. In light of *Marshall*, "the probate exception is limited to two categories of cases: (1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680–81 (4th Cir. 2015). "The probate exception also 'precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court' . . . The resolution of this issue 'requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property.'" *Wellin v. Wellin*, No. 2:14-cv-4067-DCN, 2015 WL 628071, at *5

(D.S.C. Feb. 12, 2015) (citations omitted). If the answer to both inquiries is yes, then the probate exception applies and the federal district court may not exercise diversity jurisdiction.

Here, Plaintiff's allegations fit squarely within the probate exception. Plaintiff seeks a determination by this Court that she is entitled to a portion of the proceeds from the sale of the Property that was part of her mother's estate pursuant to her will. Accordingly, the Property in dispute is estate property within the custody of the state probate court, and Plaintiff's claim would require this Court to assume in rem jurisdiction over that Property. The state probate court in Florida has already exercised in rem jurisdiction over the Property in the probate proceedings. Accordingly, this Court lacks jurisdiction. *See, e.g., Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 230 n.10 (3d Cir. 2008) (dismissing case for lack of subject matter jurisdiction and noting that "while claims that seek to invoke a federal court's *in personam* jurisdiction generally do not violate the probate exception, that does not permit a court to grant as relief the possession of specific property that is within the jurisdiction of a probate court").[2]

---

[2] The Magistrate Judge also recommends dismissal of the present action pursuant to the *Rooker-Feldman* doctrine. The Court finds it unnecessary to address this recommendation as it has determined that the case should be dismissed for other reasons.

Accordingly, this action is **DISMISSED** without issuance and service of process.[3] Plaintiff's motions under 18 U.S.C. § 3282 [4] and for service of summons and complaint on Defendant [20] are **DENIED as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] In light of the foregoing, Plaintiff cannot cure the deficiencies in her Complaint; therefore, allowing Plaintiff to amend her pleadings would be futile. *See Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).